```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

IAN CARLOS ALEJO FERNANDEZ,
   Petitioner,

  v.                                               CIVIL ACTION NO.
                                                     13-11222-JLT

GARY RODEN,
Superintendent of MCI Norfolk,
   Respondent.

**REPORT AND RECOMMENDATION RE:**
**RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**
**(DOCKET ENTRY # 8)**

**MEMORANDUM AND ORDER RE:**
**GARY RODEN'S MOTION TO SUBSTITUTE PROPER**
**RESPONDENT (DOCKET ENTRY # 10); MOTION**
**FOR EVIDENTIARY HEARING**
**(DOCKET ENTRY # 14)**

**January 6, 2014**

**BOWLER, U.S.M.J.**

Respondent Gary Roden ("respondent"), Superintendent of the Massachusetts Correctional Institute in Norfolk, Massachusetts ("MCI-Nofolk"), moves to dismiss the above styled petition for writ of habeas corpus filed pro se by petitioner Ian Carlos Alejo Fernandez ("petitioner") under 28 U.S.C. § 2241 ("section 2241"). (Docket Entry # 8). The petition seeks release "from future custody" with respect to "deporting [petitioner] to Mexico." (Docket Entry # 1).

Respondent submits that this court lacks jurisdiction to review the petition because petitioner, a Mexican citizen who is subject to a removal order, is not "in custody" within the

meaning of section 2241(c)(3). Respondent further contends that the First Circuit is the only court with jurisdiction to review a section 2241 petition challenging a removal order. Petitioner objects to dismissal and requests an evidentiary hearing in order "to testify under oath [about] his fears of deportation to Mexico." (Docket Entry # 14).

In a separate motion, respondent moves to substitute the Immigration and Customs Enforcement as the proper respondent.[1] (Docket Entry # 10). The petition initially named Eric H. Holder, Jr. as respondent. The district judge determined that Gary Roden, as superintendent of the facility where petitioner was serving his state sentences, was the proper respondent. (Docket Entry # 6). The United States Attorney's Office, which filed a notice of appearance, objects to the substitution. (Docket Entry # 11). Petitioner is presently incarcerated in the custody of the Bristol County Sheriff's Office in North Dartmouth, Massachusetts where Thomas M. Hodgson ("Hodgson") is the sheriff.

## STANDARD OF REVIEW

Respondent seeks dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)"). Under Rule 12(b)1), a court "must 'credit the plaintiff's

---

[1] The Massachusetts Attorney General's Office filed the motion on respondent's behalf.

2

well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.'" Sanchez ex rel. D.R.-S. v. U.S., 671 F.3d 86, 92 (1st Cir. 2012), cert. denied, 133 S.Ct. 1631 (2013) Where, as here, the defendant challenges subject matter jurisdiction, the plaintiff bears the "burden to prove" its existence. Aversa v. U.S., 99 F.3d 1200, 1209 (1st Cir. 1996) ("[i]t is the plaintiff's burden to prove the existence of subject matter jurisdiction"); accord McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008). In addition to the well pleaded facts in the complaint or the petition, a "court may also 'consider whatever evidence has been submitted, such as'" depositions and exhibits. Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (quoting Aversa, 99 F.3d at 1209-1210). Viewed under this framework, the facts are as follows.

## BACKGROUND

In February 2002, petitioner, a native and citizen of Mexico, entered the United States "without inspection by an Immigration Officer." (Docket Entry # 10-2). By affidavit, he describes a number of incidents of verbal threats and at least one physical beating on the part of individuals affiliated with "the Zetaz Organization" that took place in Mexico prior to his entry into the United States. (Docket Entry # 1-1). The incidents served as the impetus for petitioner to enter the

United States.

On February 28, 2003, a grand jury sitting in Massachusetts Superior Court (Berkshire County) returned an Indictment charging petitioner with a number of felonies.  The charges included aggravated rape in violation of Massachusetts General Laws chapter 265 ("chapter 265"), section 22(a); assault with intent to commit rape in violation of chapter 265, section 24; assault with intent to murder in violation of chapter 265, section 15; indecent assault and battery on a person 14 years of age or older in violation of chapter 265, section 13H; and assault and battery in violation of chapter 265, section 13A(a).  In March 2004, petitioner pled guilty to all of the charges with the exception of one charge that was placed on file.  He received an eight to ten year sentence on the aggravated rape conviction and concurrent sentences of various lengths on the remaining convictions.  Petitioner subsequently moved to withdraw the guilty pleas and for a new trial.  The case remains on appeal in the Massachusetts Court of Appeals.

On May 23, 2008, an Immigration Enforcement Agent of the Immigration and Customs Enforcement of the Department of Homeland Security ("ICE") in Burlington, Massachusetts lodged an Immigration Detainer-Notice of Action against petitioner at MCI Norfolk where he was incarcerated at the time.  The detainer on standard Form I-247 states that an "[i]nvestigation has been

initiated to determine whether [petitioner] is subject to removal from the United States."[2] (Docket Entry # 10-2).

On the same day, a Supervisory Deportation Officer in Burlington issued a Notice of Intent to Issue a Final Administrative Removal Order. On October 16, 2008, the Immigration Enforcement Agent served petitioner with the notice.[3] The notice charged petitioner as subject to removal under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), because of his "aggravated felony" conviction, namely, aggravated rape in violation of chapter 265,

---

[2] The regulation cited in the detainer, 8 C.F.R. § 287.7, explains that:

> Any authorized immigration officer may at any time issue a Form I-247, Immigration Detainer-Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7.

[3] The form evidences service of the notice in person on October 16, 2008. Petitioner states that he "was notified with [the] Notice of Intent to Issue a Final Administrative Removal Order" on May 23, 2008. The discrepancy, if any, is immaterial to the present dispute. Petitioner received notice of the charges at least on one occasion if not on two occasions.

section 22(a).[4]

On October 16, 2009, petitioner conceded his removability to Mexico on the aforementioned form notice by checking the applicable box admitting the allegations and the charge and acknowledging he was "not eligible for any form of relief from removal." (Docket Entry # 10-2). He chose not to check the box requesting a withholding or deferral of removal based on a fear of prosecution or a fear of torture under the Convention Against Torture.

On October 17, 2008, a Final Administrative Order of Removal issued under the provisions of 8 U.S.C. § 1228(b) ordering petitioner's removal as an alien convicted of an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(A). The order found clear and convincing evidence that petitioner is "deportable as an alien convicted of an aggravated felony pursuant to . . . 8 U.S.C. § 1227(a)(2)(A)(iii)." (Docket Entry # 10-2). Petitioner was served with a copy of the order.

More than four years later in March 2013 and as stated in the petition, petitioner filed an application for asylum and for withholding removal on Form I-589 based on the Convention Against Torture. See generally Ruci v. Holder, __F.3d__, 2013 WL 6759397 (1st Cir. Dec. 23, 2013) (discussing requirements for alien

---

[4] The notice referenced the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(A) ("'aggravated felony' means . . . rape, or sexual abuse of a minor").

seeking asylum and a withholding of removal under Convention Against Torture). The Department of Homeland Security database has no record of any Form I-589 application relating to petitioner. The Assistant Field Office Director ("the Assistant Director") at the ICE office in Burlington attests by affidavit that petitioner "is not in ICE custody" and is serving sentences for aggravated rape and other convictions at MCI-Norfolk. (Docket Entry # 9-1). After the Assistant Director executed the affidavit, petitioner was transferred from MCI-Norfolk to the custody of the Bristol County Sheriff's Office.

## DISCUSSION

Respondent seeks dismissal under Rule 12(b)(1) because petitioner fails to satisfy the "in custody" requirement of section 2241 and the First Circuit has exclusive jurisdiction to review petitions relating to removal. (Docket Entry # 9). This court addresses the arguments seriatim.

I. In Custody Determination

Section 2241(c)(3) restricts jurisdiction of section 2241 petitions to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" determination is made at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Gonzalez-Fuentes v. Molina, 607 F.3d 864, 874 (1st Cir. 2010) ("custodial status would be determined as of the date a

habeas petition is filed") (citing Carafas, 391 U.S. at 238-240). The statutory language also requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack . . .." Maleng v. Cook, 490 U.S. 488, 490-491 (1989) (discussing both section 2241(c)(3) and section 2254(a)); see Young v. Vaughn, 83 F.3d 72, 73 (3rd Cir. 1996) ("petitioner must be 'in custody' pursuant to the conviction or sentence he seeks to attack"); Bancroft v. Massachusetts, 525 F.Supp.2d 237, 242 (D.Mass. 2007) ("habeas corpus relief is only available to one who is 'in custody' pursuant to the same state process attacked in his petition"). Here, petitioner, who is presently incarcerated in the custody of the Bristol County Sheriff's Office, seeks a "release . . . from any future custody" by ICE "in deporting him to Mexico." (Docket Entry # 1). He is subject to an Immigration detainer and a final order of removal. Both orders were in effect at the time he filed the petition in May 2013.

It is well settled that the "in custody" requirement is not limited to physical incarceration. See Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987). Rather, it extends "to restraints 'not shared by the public generally.'" Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (quoting Jones v. Cunningham, 371 U.S. 236, 240 (1962)). For example, parole as well as pretrial release on personal recognizance constitute sufficient restraints

on a person's liberty to satisfy the "in custody" requirement. See Jones v. Cunningham, 371 U.S. at 243 (release on parole satisfies section 2241(c)(3)'s "in custody" requirement); Hensley v. Municipal Court, 411 U.S. at 351 (pretrial release on personal recognizance satisfies section 2241(c)(3)'s "in custody" requirement); Lefkowitz v. Fair, 816 F.2d at 19.  A detainer resulting from an indictment lodged against a prisoner who is incarcerated and serving another criminal sentence also satisfies the "in custody" requirement.  See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 848, 488-489 (1973); see also Maleng v. Cook, 490 U.S. at 493 (discussing Braden).

In the area of immigration law, First Circuit law is relatively clear.  Standing alone, "an INS detainer" is not "an order of custody."  U.S. v. Female Juvenile, A.F.S., 377 F.3d 27, 35 (1st Cir. 2004).  "Rather, it serves as a request that another law enforcement agency notify the INS before releasing an alien from detention so that the INS may arrange to assume custody over the alien."[5]  Id.  Where, as here, a final order of removal exists along with the detainer, however, the circumstances may warrant a finding that the alien is "in the legal custody of the INS even if the alien is physically detained somewhere else."

---

[5]  "The Homeland Security Act of 2002, Pub.L. No. 107-296, § 471, 116 Stat. 2135, 2205 (2002) (codified as amended at 6 U.S.C. § 291(a)), abolished the INS and transferred its functions to the Department of Homeland Security."  Conteh v. Gonzales, 461 F.3d 45, 50 (1st Cir. 2006).

9

Id. at 35 n.13 (citing Simmonds v. INS, 326 F.3d 351, 354 (2nd Cir. 2003)); see Simmonds v. INS, 326 F.3d at 354 ("Simmonds' final order of removal is sufficient, by itself, to establish the requisite custody" under section 2241(c)(3)).  Accordingly, petitioner satisfies the "in custody" requirement of section 2241(c)(3).

II.  Jurisdiction in District Court

Effective May 11, 2005, the Real ID Act 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005) ("Real ID Act"), amended the Immigration and Naturalization Act, 8 U.S.C. § 1252 ("section 1252"), by "plac[ing] review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals." Ishak v. Gonzales, 422 F.3d 22, 28 (1st Cir. 2005).  The statute added a new section, 8 U.S.C. § 1252(a)(5) ("section 1252(a)(5)"), and captioned it "Exclusive Means of Review."  In no uncertain terms, section 1252(a)(5) vests appeals of a final order of removal in the "appropriate court of appeals."  8 U.S.C. § 1252(a)(5); Ishak v. Gonzales, 422 F.3d at 29.  The plain language of section 1252(a)(5) extends to section 2241 petitions filed in the district court.  8 U.S.C. § 1252(a)(5).

The language reads as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for

10

>judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(2)(C). The language of section 1252(a)(5), together with the language of sections 1252(a)(4) and 1252(b)(9), "in effect, strips the district court of habeas jurisdiction over final orders of removal." Ishak v. Gonzales, 422 F.3d at 29.

The Real ID Act additionally amended section 1252(a)(2)(C). As amended, section 1252(a)(2)(C) further restricts review of an alien who, like petitioner, is subject to a final order of removal for committing a criminal offense under section 1227(a)(2)(A)(iii). The amended section states that:

>Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C). The Real ID Act also added the above referenced section 1252(a)(2)(D) which expands the jurisdiction of the appropriate court of appeals to address "constitutional

11

claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Vasquez v. Holder, 635 F.3d 563, 565 n.4 (1st Cir. 2011) (under Real ID Act, "our jurisdiction is expanded to consider 'constitutional claims or questions of law' notwithstanding the jurisdictional limitations of § 1252(a)(2)(B)") (quoting § 1252(a)(2)(D)); Pierre v. Attorney General, 528 F.3d 180, 184 (3rd Cir. 2008) (because basis for removal is aggravated felony conviction, "our jurisdiction is limited under the REAL ID Act to 'constitutional claims or questions of law'"). Finally, 8 U.S.C. § 1228 establishes streamlined removal procedures in aggravated felony cases.

In short, the Real ID Act strips this court of section 2241 habeas review of final orders of removal. Given the absence of subject matter jurisdiction by virtue of the above provisions of the Real ID Act, this court expresses no opinion on the timeliness of the petition,[6] the exhaustion of administrative remedies,[7] the assertion in the petition that "deporting the

---

[6] See 8 U.S.C. § 1252(b)(1) (30 day deadline to file petition to review final order of removal); Saka v. Holder, __F.3d__, 2013 WL 6760827, *2 (1st Cir. Dec. 23, 2013); see also 8 U.S.C. § 1229a(c)(7)(C)(i) (90 day deadline after final administrative order of removal to file motion to reopen); Lopez v. Holder, 723 F.3d 43, 45 (1st Cir. 2013) (request to reopen removal proceedings to seek protection under Convention Against Torture "untimely, as it was not filed within 90 days of the BIA's final administrative decision").

[7] See 8 U.S.C. §§ 1252(d)(1), 1228(b)(4); 8 C.F.R. § 238.1(d)(1), (f).

petitioner to Mexico . . . would violate the Eighth Amendment" and the allegation that he is eligible for asylum based on "'a well-founded fear of prosecution.'"  (Docket Entry ## 1 & 13).

III. Proper Custodian

After the district court decided that Gary Roden, as opposed to Eric H. Holder, Jr., was the proper respondent, the Massachusetts Attorney General's Office, on behalf of respondent, filed the motion to substitute Immigration and Customs Enforcement as the proper respondent.  The United States Attorney's Office, also on behalf of respondent, asserts that the proper respondent is the warden of the facility where petitioner is incarcerated.[8]  (Docket Entry # 11).

This court's lack of subject matter jurisdiction precludes a ruling on the motion to substitute.  As aptly noted by the United States Attorney's Office in the opposition to the motion to substitute, it should be denied as moot in the event this court recommends allowance of the motion to dismiss.  The absence of subject matter jurisdiction likewise bars a ruling on the motion for an evidentiary hearing.

## CONCLUSION

---

[8] The United States Attorney's Office did not object to the Massachusetts Attorney General's Office ability to appear and file the motion and supporting exhibits thereby waiving the issue of the inclusion of these filings in the record before this court.  See O'Connell v. Marrero-Recio, 724 F.3d 117, 124 (1st Cir. 2013); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999).

In accordance with the foregoing discussion, this court **RECOMMENDS**[9] that the motion to dismiss (Docket Entry # 8) be **ALLOWED** and that the petition be **DISMISSED** for lack of jurisdiction. The motion for an evidentiary hearing (Docket Entry # 14) and the motion to substitute (Docket Entry # 10) are moot in light of this court's lack of subject matter jurisdiction.

        /s/ Marianne B. Bowler
        **MARIANNE B. BOWLER**
        United States Magistrate Judge

---

[9] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.